IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ARTIE HOBSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:12-CV-281-CDL-MSH |
| | : | 42 U.S.C. § 1983 |
| TERRY WYATT; DANTE GREEN; | : | |
| TERRY WYATT BONDING | : | |
| COMPANY, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court are Plaintiff's Motions to reopen case, appoint counsel, and to proceed *in forma pauperis*. (ECF Nos. 9, 10, 11.) For the reasons set forth below, it is recommended that Plaintiff's motion to reopen be denied, and Plaintiff's other motions be dismissed as moot.

## BACKGROUND

On October 9, 2012, Plaintiff filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, asserting claims against a bounty hunter, bail bondsman, and bail bond company for allegedly illegally detaining Plaintiff and conducting an illegal search and seizure of his person. (Compl. 6-7, ECF No. 1) Plaintiff's complaint was dismissed without prejudice under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), because state court proceedings were pending. (Order 5, Oct. 23, 2012, ECF No. 6) Judgment was entered against Plaintiff on October 23, 2012. (ECF No. 7) Plaintiff

now moves to reopen the case following the completion of criminal proceedings in the state court.  The Court construes Plaintiff's motion as a motion under Rule 60(b) of the Federal Rules of Civil Procedure.  (Mot. to Reopen 1-2, ECF No. 9.)

## DISCUSSION

Rule 60(b) provides an opportunity for a party to seek relief from a final judgment, under a limited set of circumstances or, if none of the enumerated circumstances are met, for, "any other reason that justifies relief."[1]  Fed. R. Civ. P. 60(b).  Since none of the enumerated circumstances are met in this case, Plaintiff could be granted Rule 60(b) relief only if he meets the requirements for the catch-all in Rule 60(b)(6).  Plaintiff has failed to meet those requirements here.

The Eleventh Circuit has described Rule 60(b)(6) as "an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances."  *Griffin v. Swim-Tech Corp.* 722 F.2d 677, 680 (11th Cir. 1984).  Furthermore, "[t]he party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result."  *Id.*  In this case, Plaintiff has not shown any reason why he is entitled to the Rule 60(b)(6) relief, other than the fact that the state court criminal

---

[1] Rule 60(b) provides in relevant part:  On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud . . ., misrepresentation, or misconduct of an adverse party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
    (6) any other reason justifying relief from the operation of the judgment.
*Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (alterations in original).

proceedings have come to an end. This is not sufficient to qualify as the "exceptional circumstances" discussed in *Griffin*. Furthermore, as Plaintiff's complaint was dismissed without prejudice, he is freely allowed to re-file his complaint in a new action.

## CONCLUSION

For the reasons explained above, it is recommended that Plaintiff's motion to reopen his civil case be DENIED. Because it is recommended that the Court deny Plaintiff's motion to reopen, Plaintiff's remaining motions should be DISMISSED as moot. Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 18th day of September, 2013.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE